UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL R. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:18 CV 1172 MTS |
| ) | |
| STANLEY PAYNE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Michael Jackson's Petition under 28 U.S.C. § 2254 for writ of habeas corpus, Doc. [1]. For the following reasons, Petitioner's § 2254 petition is denied.

**I.     Procedural Background**

Petitioner is currently incarcerated at the Eastern Reception Diagnostic Correctional Center in Bonne Terre, Missouri. Petitioner was charged in the Circuit Court of St. Louis City with eight counts of sodomy in the first degree. After a jury found him guilty on two of four counts, he was sentenced to concurrent terms of fifteen years on Count I and ten years on Count IV.[1] Doc. [9-3] at 145–146. On August 26, 2014, Petitioner's convictions and sentences were affirmed on direct appeal in *State v. Jackson*, 439 S.W. 3d 276 (Mo. Ct. App. 2014).

Petitioner filed a timely *pro se* Missouri Supreme Court Rule 29.15 motion. Then, through appointed counsel, Petitioner filed a timely amended motion. After an evidentiary hearing, the motion court denied Petitioner's Rule 29.15 motion for post-conviction relief. That judgment was affirmed on appeal on December 12, 2017. *Jackson v. State*, ED105128, (Mo. Ct. App. 2017);

---

[1] Four counts were dismissed. *See* Doc. [9-3] at 124–127.

Doc. [9-14]. On July 20, 2018, Petitioner filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus.

## II.     Factual Background

The victim ("Victim") testified at trial that Petitioner, her uncle, touched her vagina with his fingers and a vibrator and would also insert his fingers in her vagina on multiple occasions beginning when she was in fourth grade. Doc. [9-1] at 348. Victim also testified she did not tell anyone because she thought she would be in trouble. *Id.* at 360–361. However, after a few years, when the victim was in ninth grade, she eventually told her friends about the touching, which was still occurring. *Id.* at 370–371.

Thereafter she also told her mother about the situation. *Id.* at 372. Victim then gave a statement to the police and was also interviewed by Connilee Christie at the Child Advocacy Center. *Id.* at 486–487. After the underlying case was filed against Petitioner, the State filed a notice of its intent to use the child victim's statements under Mo. Rev. Stat. § 491.075. Doc. [9-3] at 25–26. Petitioner filed an objection to the admission of hearsay statements pursuant to Mo. Rev. Stat. § 491.075. *Id.* at 39–50. Prior to the start of the trial, the court held a hearing on the matter. Doc. [9-1] at 8–59. At the hearing, Officer Steve Michael testified he interviewed Victim at the police station, and she told him Petitioner had penetrated her vagina with his fingers numerous times while she tried to sleep. *Id.* at 8–22. The Victim's mother also testified how Victim told her about Petitioner touching her vagina. *Id.* at 22–40. Ms. Christie also testified about the interview she conducted with Victim, wherein Victim told her how Petitioner touched her vagina several times, beginning when she was nine years old and continuing until she was thirteen years old. *Id.* at 40–48. Ms. Christie's interview was recorded on a DVD, which was provided to the trial court.

The trial court found the State would be permitted to introduce the statements made by Victim to Officer Michael, her mother, and Ms. Christie. The State then filed an amended notice of its intent to use the child victim's statements under Mo. Rev. Stat. § 491.075. *Id*. at 60–61. The trial court subsequently held a second Mo. Rev. Stat. § 491.075 hearing, allowing the State to present the testimony of Victim's friends from middle school. *Id.* at 60–84. They testified Victim told them about Petitioner touching her vagina while she was trying to sleep. *Id.* The trial court granted the amended motion, finding that statements made by Victim to her friends were also admissible. Doc. [9-3] at 51.

Ultimately, the jury found Petitioner guilty of two counts of first degree statutory sodomy. He was sentenced to fifteen years of imprisonment on Count I and ten years of imprisonment on Count IV, the sentences to run concurrently. *Id.* at 145–146.

### III.    Legal Standard

When a claim has been adjudicated on the merits in state-court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), though such relief is "limited and deferential." *Lonholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Under AEDPA, 28 U.S.C. § 2254(d), habeas relief is only permissible if the state court's determination:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is "contrary to" clearly established Federal law if "it applies a rule

3

that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of the [Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "[T]he state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Brown v. Luebbers*, 371 F.3d 458, 467 (8th Cir. 2004) (quoting *Early v. Packer*, 547 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." *Id.*

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," see *Payton,* 544 U.S. at 141 and *Williams v. Taylor*, 529 U.S. 362, 405 (2000), or "if the state court unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 406. "Clearly established" Supreme Court law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quoting *Williams*, 529 U.S. at 410–11 (2000)). "[I]t is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). "An 'unreasonable application' is different from an incorrect or erroneous application; a prisoner must establish that a state court's adjudication was not only wrong, but also objectively unreasonable, such that 'fair-

4

minded jurists' could not disagree about the proper resolution." *Smith v. Titus*, 958 F.3d 687, 691 (8th Cir. 2020).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); § 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable considering the evidence of record. *Id.*

**IV. Discussion**
  **a. Petitioner's first ground for relief is that the trial court erred in failing to grant his motion for judgment of acquittal because the State presented insufficient evidence to support his conviction of first-degree sodomy.**

A federal court's review of a sufficiency of the evidence claim "is limited to determining 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Gibbs v. Kemna*, 192 F.3d 1173, 1175 (8th Cir. 1999) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Petitioner claims Victim's testimony was inconsistent and not corroborated by other evidence. In its direct appeal opinion, the Missouri Court of Appeals held there was sufficient evidence to support Petitioner's convictions. The court outlined the evidence presented at trial, including the testimony of Victim, Victim's friend, Victim's mother, Officer Michael, and Ms. Christie. The court found that it was not surprising victim's story evolved to become more detailed because every person she talked to asked progressively more detailed and thorough questions. Further, it noted that the testimony of young victims about sensitive matters commonly contains

5

variations, contradictions, or lapses in memory, and the jury resolved the alleged inconsistencies in favor of the Victim.

This Court may grant habeas relief only if the state court's determination that the evidence satisfied the sufficiency of evidence standard under *Jackson*, 443 U.S. 307, was "both incorrect and unreasonable." *Garrison v. Burt*, 637 F.3d 849, 855 (8th Cir. 2011) (quoting *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010)). Under *Jackson*, after viewing the evidence in the light most favorable to the State, this Court finds that a rational juror could have found that the evolving nature of Victim's testimony was common with young victims and, therefore, reasonable; and the evidence presented at trial was sufficient to convict Petitioner of two counts of first-degree statutory sodomy. The decision of the state court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Therefore, Petitioner's first ground for habeas relief is denied.

    **b. Petitioner's second ground for relief is that his post-conviction counsel was ineffective because he failed to raise a claim of ineffective assistance of trial counsel in Petitioner's amended Rule 29.15 motion concerning trial counsel allegedly telling Petitioner the only way to have judicial sentencing was to have a bench trial, as opposed to a jury trial**.

In Missouri, claims that post-conviction counsel was ineffective are "categorically unreviewable." *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016). Nevertheless, a state prisoner can seek federal review of a claim for habeas relief, even though it has been procedurally defaulted, by "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, under *Coleman*, "ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." *Wooten v. Norris*, 578 F.3d 767, 778 (8th

Cir. 2009) (quoting *Coleman*, 501 U.S. at 750). A narrow exception has since been created in *Martinez v. Ryan*, 566 U.S. 1, 17 (2012) where: "(1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the 'ineffective-assistance-of-trial-counsel claim.'" *Kemp v. Kelley*, 924 F.3d 489, 499 (8th Cir. 2019) (quoting *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014)); *see Martinez*, 566 U.S. at 14.

To show that the claim of ineffective assistance of trial counsel is substantial, "the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. To prove that the ineffective assistance of trial counsel claim has merit, petitioner must show that his trial counsel's performance was deficient and prejudiced him as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To determine whether counsel in the initial-review collateral proceeding (where the claim of ineffective assistance of trial counsel should have been raised) was ineffective for not bringing an ineffective assistance of trial counsel claim, this Court must also turn to the standards set forth in *Strickland*. To prevail on an ineffective assistance of counsel claim, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Id.* at 688. With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Petitioner alleges that his trial counsel told him that the only way to have the judge sentence him was to have a bench trial, as opposed to a jury trial. In Missouri, a defendant may

7

elect in writing to have a jury trial and judicial sentencing, but this election must be made before jury selection. Mo. Rev. Stat. 557.036. Petitioner maintains that had he of known judicial sentencing was an option he would have requested a jury trial with judicial sentencing, claiming the judge had expressed an interest in probation. Doc. [1-1] at 2. Petitioner further alleges that he and post-conviction counsel discussed this claim before counsel filed an amended post-conviction relief motion, and that although Petitioner's post-conviction counsel agreed to place the claim in the motion, he did not do so. *Id.* At Petitioner's Rule 29.15 motion hearing, trial counsel testified that he made a strategic decision to have a jury trial and a strategic decision to have jury sentencing. Doc. [9-9] at 48. When asked if he consulted with Petitioner on this decision counsel stated, "That sounds like a conversation we would normally have." Doc. [9-14] at 10.

Petitioner was convicted of two counts of statutory sodomy. The range of punishment for Count I (statutory sodomy on a child under twelve) is life imprisonment or a term of years not less than ten. Mo. Rev. Stat. § 566.062. The range of punishment for Count IV (statutory sodomy on a child under fourteen) is life imprisonment or a term of years not less than five. *Id.* The jury recommended sentences of twenty years and ten years, respectively. Doc. [9-3] at 124–130. The trial judge reduced the recommended sentences to fifteen years on Count I, and ten years on Count II, and ordered the sentences to run concurrently. *Id.* at 145–146.

Petitioner's sentences were on the lower end of the ranges of punishment. Petitioner's trial counsel made a strategic decision regarding how to proceed and his testimony at the post-conviction hearing indicates that it is the type of decision he routinely discusses with his clients. Doc. [9-14] at 10. Furthermore, the jury recommended a punishment at the lower end of the potential range, and the judge further reduced the sentences recommended by the jury, including running the sentences concurrently rather than consecutively. The trial judge also indicated that

8

probation was not an option he would consider, stating at the sentencing hearing, "I cannot see my way to probation. I simply cannot. I have tried but this is serious enough that I cannot." Doc. [9-2] at 15. As such, Petitioner's has neither demonstrated that his ineffective assistance of trial counsel claim is substantial, nor that his post-conviction counsel was ineffective for not addressing this claim in his amended Rule 29.15 motion. The actions of Petitioner's trial counsel and postconviction counsel were reasonable and Petitioner has not shown how he was prejudiced. Petitioner's claim does not fit within the narrow exception created by *Martinez* to overcome procedural default. Petitioner's second ground is procedurally defaulted and denied.

### **CONCLUSION**

**IT IS HEREBY ORDERED** that the Petition of Michael Jackson for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

Dated this 6th day of August, 2021

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE